UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN KEITH HICKS, | CASE NO. 3:24-cv-05607-JNW |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| STATE OF WASHINGTON, THURSTON COUNTY FAMILY COURT, ANGIE NELSON, | |
| Defendants. | |

# 1. INTRODUCTION

This matter comes before the Court on Defendants State of Washington, Thurston County Family Court, and Angie Nelson's motions to dismiss. Dkt. Nos. 7, 15. Having considered the parties' filings, the relevant record, and the law, the Court GRANTS the motions.

# 2. BACKGROUND

Plaintiff Stephen Keith Hicks sues the State of Washington, Thurston County Family Court, and Angie Nelson, a court coordinator, challenging a Civil Domestic Violence Protection Order (DVPO) issued by the Thurston County Family

1  Court against Hicks. Dkt. No. 1. According to Hicks, the DVPO restricts his ability

2  to contact his son and remains in effect until 2059. *Id.* at 16.

3  Hicks alleges that the DVPO was obtained through perjury, fraud, and other

4  procedural irregularities. *Id.* at 7–10, 12. He also claims that the proceedings

5  violated his constitutional rights, including his right to due process under the

6  Fourteenth Amendment. *Id.* at 13.

7  Hicks seeks various forms of relief, including the "safe return of his son into

8  his life," an order declaring the DVPO void, reform of Washington's DVPO and child

9  support policies, expungement of the records related to the order, and money

10  damages. *Id.* at 47–50.

11  Defendants move to dismiss Hicks's complaint on several grounds, including

12  lack of subject-matter jurisdiction under the *Younger* abstention and *Rooker-*

13  *Feldman* doctrines, Eleventh Amendment immunity, and failure to state a claim

14  upon which relief can be granted. Dkt. Nos. 7, 15.

### 3.  DISCUSSION

**3.1  Legal standard.**

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and are presumed to lack jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When evaluating a facial challenge to jurisdiction, the court accepts the factual allegations in the complaint as true. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

Courts will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While Rule 8 does not demand detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 679. "Conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *see* Fed. R. Civ. P. 8.

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988))).

**3.2 The Court lacks subject-matter jurisdiction over Plaintiff's claims.**

### 3.2.1 The *Younger* abstention doctrine precludes jurisdiction.

The *Younger* abstention doctrine requires federal courts to abstain from exercising jurisdiction when doing so would interfere with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 41 (1971). This doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Abstention is appropriate when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Defendants urge the Court to abstain under *Younger*, but their arguments in favor of abstention face significant hurdles under Ninth Circuit precedent. In *Rynearson v. Ferguson*, 903 F.3d 920 (9th Cir. 2018), the court held that Washington protection-order proceedings did not trigger *Younger* abstention because they were "not quasi-criminal enforcement actions" and the petitioner was "a private party, not the state or local government." *Id.* at 925–26. The court emphasized that "the law does not require state authorities to conduct any investigation or file charges or a complaint in connection with an application for a

protection order, and state actors are not party to the protection proceedings." *Id*. The court also found that challenging a state statute's constitutionality would not necessarily have "the practical effect of enjoining the state proceedings." *Id*. at 927–28.

The protection order proceedings against Hicks appear analogous to those in *Rynearson*, raising substantial doubt about whether *Younger* abstention is appropriate here. But the Court need not definitively resolve this issue because, as discussed below, the *Rooker-Feldman* doctrine and Eleventh Amendment immunity principles provide independent and sufficient grounds for dismissing Hicks's claims.

### 3.2.2   The Rooker-Feldman doctrine independently bars Plaintiff's claims.

The *Rooker-Feldman* doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state-court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Ninth Circuit takes a two-step approach to the *Rooker-Feldman* doctrine. First, the court must determine whether the plaintiff is seeking a "forbidden de facto appeal" of a state-court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). Then, and "[o]nly when there is already a forbidden de facto appeal" found, must the court

consider whether the issues in the federal case are so "inextricably intertwined" with the state-court judicial decision from which the forbidden appeal arises. *Id.*

Hicks's claims directly challenge the validity of the state court's DVPO judgment. Despite attempts to frame his claims otherwise, Hicks essentially seeks federal-court review and reversal of the state court's order. This constitutes a prohibited de facto appeal of a state-court judgment over which this Court lacks jurisdiction. *See, e.g.*, *Malberg v. McCracken*, No. 5:22-CV-01713-EJD, 2023 WL 2769095, at *5 (N.D. Cal. Mar. 31, 2023) (dismissing complaint for lack of subject-matter jurisdiction because "the Complaint appears to challenge and seek relief from the Restraining Order in the underlying state action, which would bar this action under *Rooker-Feldman*"); *Gimbel v. California*, No. C 07-05816 CRB, 2008 WL 590504, at *2 (N.D. Cal. Feb. 29, 2008), *aff'd*, 308 F. App'x 124 (9th Cir. 2009) ("Plaintiff is essentially trying to seek appellate review of the restraining order. The *Rooker-Feldman* doctrine clearly prevents this Court from granting Plaintiff the relief he requests."); *Ervin v. California*, No. 318CV00442GPCRBB, 2018 WL 3375058, at *4 (S.D. Cal. July 11, 2018) ("Essentially, plaintiff is asking this court to overturn the state court's order issuing the protective order and the gun prohibition, making this a de facto appeal of the state court order that is prohibited under the *Rooker-Feldman* doctrine.").

**3.3    Immunity principles independently bar Plaintiff's claims against all Defendants.**

### 3.3.1    State of Washington.

The Eleventh Amendment bars suits against a state in federal court absent a state's consent or congressional abrogation. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This immunity extends to state agencies and state officials acting in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The State of Washington has not consented to this suit, and Congress has not abrogated state sovereign immunity for claims under 42 U.S.C. § 1983. Indeed, the Supreme Court has held that states are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71.

Hicks argues that the *Ex parte Young* exception to Eleventh Amendment immunity applies. Dkt. No. 12 at 7–10. Under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against state officials for prospective injunctive relief to prevent ongoing violations of federal law. But this exception does not apply to claims against the state itself. The exception also requires an ongoing violation of federal law, which Hicks has not adequately alleged. His claims primarily concern alleged past procedural irregularities in the state-court proceedings, not ongoing violations of federal law.

Thus, the Eleventh Amendment bars Hicks's claims against the State of Washington.

### 3.3.2    Thurston County Family Court.

The Thurston County Family Court, as an arm of the state judicial system, is also protected by Eleventh Amendment immunity. Courts have consistently held that state courts and their components are state entities entitled to Eleventh Amendment immunity. *See Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 979 (9th Cir. 2024); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that a state court is a state entity for Eleventh Amendment purposes).

Courts are not "persons" subject to suit under § 1983. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (noting that a state court is not a "person" under § 1983); *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995) (holding that state courts are protected by Eleventh Amendment immunity and are not "persons" under § 1983).

Hicks's claims against the Thurston County Family Court are also barred under the Eleventh Amendment.

### 3.3.3    The Court finds that Angie Nelson is protected by multiple immunity doctrines.

As for Defendant Angie Nelson, Hicks has named her in both her personal and professional capacities. Dkt. No. 1 at 1. To the extent that Hicks sues Nelson in her official capacity as a court coordinator, his claim is equivalent to an action against the state itself and thus barred by the Eleventh Amendment. *Will*, 491 U.S. at 71 ("A suit against a state official in his or her official capacity is not a suit

against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

To the extent that Hicks sues Nelson in her personal capacity, his claims still fail. Court personnel generally enjoy quasi-judicial immunity for actions taken in connection with their official duties. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are essential to the judicial process). Hicks's allegations against Nelson relate to her actions taken in her capacity as a court coordinator, which are integral to the judicial process and thus protected by quasi-judicial immunity. Dkt. No. 1 at 10–12; Dkt. No. 17.

And even if immunity did not apply, Hicks's allegations against Nelson still fall within the scope of the *Rooker-Feldman* doctrine discussed above, as they ultimately seek to challenge or undo the state-court proceedings.

Accordingly, Hicks's claims against Nelson are dismissed.

### 3.4    Failure to state a claim.

Defendants also argue that Hicks's complaint violates Rule 8(a)(2) and fails to state a claim upon which relief can be granted under Rule 12(b)(6). The Court need not reach these issues, however, as the *Rooker-Feldman* doctrine and Eleventh Amendment immunity provide sufficient grounds for dismissing this action.

**3.5   Leave to amend would be futile.**

Ordinarily, when a court dismisses a pro se plaintiff's complaint, it should grant leave to amend, even if no request to amend is made. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). But leave to amend may be denied where amendment would be futile. *Id*.

In this case, the Court concludes that granting leave to amend would be futile. The jurisdictional defects identified above—the *Rooker-Feldman* doctrine and Eleventh Amendment immunity—are fundamental barriers to this Court's ability to hear Hicks's claims. These jurisdictional deficiencies cannot be cured by amending the complaint, so the Court finds that amendment would be futile.

## 4.   CONCLUSION

In sum, the Court GRANTS Defendants' motions to dismiss. Dkt. Nos. 7, 15. Plaintiff's claims are DISMISSED with prejudice.

Dated this 31st day of March, 2025.

Jamal N. Whitehead
United States District Judge